1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10  BENNIE DIXON,                          )   Civil No. 06CV2027 JAH (CAB)
                                           )
11                    Plaintiff,           )   **ORDER ADOPTING THE**
    v.                                     )   **MAGISTRATE JUDGE'S**
12                                         )   **SECOND REPORT AND**
    CITY OF SAN DIEGO,** *et al.,***            )   **RECOMMENDATION**
13                                         )   **[DOC. # 68]; GRANTING**
                      Defendants.          )   **DEFENDANTS' MOTION FOR**
14                                         )   **SUMMARY JUDGMENT AS TO**
                                           )   **THE FEDERAL CLAIMS [DOC.**
15                                         )   **# 59]; AND DISMISSING THE**
                                           )   **REMAINING STATE LAW CLAIMS**
    _____   )
16

17                       **INTRODUCTION**

18          Currently before the Court is a motion for summary judgment filed by defendants

19  Mark Taylor ("Taylor"), Patrick Sullivan ("Sullivan"), and Brandie Sorbie ("Sorbie")

20  (collectively "defendants"),[1] seeking judgment in defendants' favor based on qualified

21  immunity grounds on the claims presented by plaintiff Bennie Dixon ("plaintiff") in his

22  first amended complaint filed pursuant to 42 U.S.C. § 1983.  After the motion was fully

23  briefed, the Honorable Leo S. Papas, United States Magistrate Judge, issued a Report and

24  Recommendation ("report") recommending that this Court grant the motion in its entirety

25  and dismiss both the federal and state law claims against defendants.[2]   Plaintiff filed

26  _____

27          [1] Defendants are the sole remaining defendants in this case.  *See* Doc. # 46, 54.

28          [2] The magistrate judge actually issued two reports, each recommending the motion be granted. *See*
    Docs. # 62, 68.  However, based on the late filing of an opposition to the motion by plaintiff, this Court
    declined to adopt the first report and remanded the motion back to the magistrate judge so that the motion

1 objections to the magistrate judge's report. After a careful consideration of the pleadings

2 and relevant exhibits submitted by the parties, and for the reasons set forth below, this

3 Court **OVERRULES** petitioner's objections, **ADOPTS** the magistrate judge's report,

4 **GRANTS** defendants' motion for summary judgment in its entirety and **DISMISSES** all

5 claims against defendants presented in the first amended complaint.

## BACKGROUND[3]

7       This case stems from an incident that occurred between plaintiff and defendants on

8 March 9, 2005, after defendants, all law enforcement officers, had responded to a radio

9 call concerning a battery upon a custodian at a school. Plaintiff, fitting the description of

10 the suspect in the battery, was approached by San Diego Police Officer Michelle Johnson,[4]

11 who attempted to place plaintiff under arrest. A struggle then ensued between Johnson

12 and plaintiff when plaintiff reached for a walking stick that was lying next to him.

13 Johnson used her expandable baton upon plaintiff's arms after plaintiff stood up quickly,

14 clenched his fists and swung them at her. Sorbie had arrived on the scene just before the

15 struggle ensued and joined in the effort to subdue plaintiff who continued to swing his

16 arms at Johnson. Taylor and Sullivan arrived shortly thereafter and the four officers were

17 able to handcuff plaintiff after striking several blows of their batons upon plaintiff's thighs.

18       Plaintiff was identified by a school employee as the perpetrator of the battery on

19 the custodian. After plaintiff began making statements about snakes around his ankles,

20 he was transported to County Mental Health for evaluation where it was learned that

21 plaintiff had recently been released from a 24 or 26 day incarceration at the County Jail.

22       Plaintiff's first amended complaint, the operative pleading here, was filed on

23

24 could be decided on the fully briefed record. *See* Doc. # 65. Therefore, this Court addresses only the
magistrate judge's second report.

25

26 [3] The magistrate judge presented a detailed account of the factual and procedural history in this case
in the report. *See* Doc. # 68 at 2-5. Plaintiff does not object to the facts as outlined by the magistrate judge
in the report. *See* Doc. # 70. This Court, therefore, deems it sufficient to present only a summary of the
27 salient facts here.

28 [4] Defendant Johnson is no longer a police officer and was not served with the lawsuit. This Court
dismissed the claims against defendant Johnson on August 15, 2008. *See* Doc. # 54.

     06cv2027

1  December 13, 2006.  Defendants filed their answer to the complaint on July 2, 2008.

2  Defendants filed their motion for summary judgment on December 8, 2008.  Plaintiff filed

3  his opposition on January 16, 2009.[5]  The magistrate judge issued the second report[6] on

4  February 17, 2009.  Plaintiff filed his objections to the magistrate judge's second report

5  on April 1, 2009.

6  ### DISCUSSION

7  **1.    Legal Standard**

8        The district court's role in reviewing a magistrate judge's report and recommendation

9  is set forth in 28 U.S.C. § 636(b)(1).  Under  this statute, the court "shall make a *de novo*

10  determination of those portions of the report...to which objection is made," and "may

11  accept, reject, or modify, in whole or in part, the findings or recommendations made by the

12  magistrate [judge]."  Id.  The party objecting to the magistrate judge's findings and

13  recommendation bears the responsibility of specifically setting forth which of the magistrate

14  judge's findings the party contests.  *See* Fed.R.Civ.P. 72(b).  It is well-settled, under Rule

15  72(b), that a district court may adopt those parts of a magistrate judge's report to which

16  no specific objection is made, provided they are not clearly erroneous.  *See* Thomas v. Arn,

17  474 U.S. 140, 153-55 (1985).

18  **2.    Analysis**

19        In his first amended complaint filed pursuant to 42 U.S.C. § 1983, plaintiff alleges

20  that defendants violated his rights under the United States Constitution based on claims

21  for unlawful search and seizure and excessive force.  Plaintiff also alleges state law claims

22  for battery, false arrest, negligence, emotional distress, and violation California Civil Code

23  § 52.1.  Defendants contend that qualified immunity bars plaintiff's suit.

24

25  [5] This document was entitled "Motion for Denied Access to Courts."  *See* Doc. # 64. This Court,
after a careful review of this pleading, denied plaintiff's motion for denied access to courts and found that

26  the document also contained argument and evidence in opposition to the motion for summary judgment
which should be considered by the magistrate judge. Doc. # 65.  Plaintiff was also given the opportunity
to supplement this opposition but failed to do so. *See* id.

27

28  [6] The magistrate judge's first report was issued on January 16, 2009.  This Court, however, declined
to adopt the report due to plaintiff's late filing of an opposition that had not been considered by the
magistrate judge and remanded the motion on February 2, 2009. *See* Doc. # 65.

1        Section 1983 "creates a private right of action against individuals who, acting under

2 color of state law, violate federal constitutional or statutory rights." <u>Devereaux v. Abbey</u>,

3 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc).   "Qualified immunity, however, shields

4 § 1983 defendants '[f]rom liability for civil damages insofar as their conduct does not

5 violate clearly established statutory or constitutional rights of which a reasonable person

6 would have known.'"   <u>Id.</u>   (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)

7 (alteration in original)).

8        Fourth Amendment protections against unreasonable search and seizure are triggered

9 when an arrest occurs without probable cause or other justification.  <u>Dubner v. City &</u>

10 <u>County of San Francisco</u>, 266 F.3d 959, 964 (9th Cir. 2001).  A showing of probable cause

11 is a defense to a false arrest claim.  <u>Arpin v. Santa Clara Valley Trans. Agy.</u>, 261 F.3d 912,

12 920 (9th Cir. 2001).  In order to state a claim for excessive force, plaintiff must establish

13 that defendants, acting under color of state law, violated his Fourth Amendment rights by

14 using unreasonably excessive force during arrest.  <u>Graham v. Connor</u>, 490 U.S. 386, 396

15 (1989).  However, plaintiff's Fourth Amendment rights are not violated if the use of force

16 is "objectively reasonable," that is, if the force used was necessary "in light of the facts and

17 circumstances confronting the officers," without regard to their intent or motivation.  <u>Id.</u>

18 at 397.

19        Under <u>Saucier v. Katz</u>, 533 U.S. 194 (2001), the first step in the qualified immunity

20 analysis is "to consider the materials submitted on support of, and in opposition to,

21 summary judgment, in order to decide whether a constitutional right would be violated if

22 all facts are viewed in favor of the party opposing summary judgment." <u>Jeffers v. Gomez</u>,

23 267 F.3d 895, 909 (9th Cir. 2001).  "If no constitutional violation is shown, the inquiry

24 ends." <u>Cunningham v. City of Wenatchee</u>, 345 F.3d 802, 810 (9th Cir. 2003).  On the

25 other hand, if "the parties' submissions" create a triable issue of whether a constitutional

26 violation occurred, the second question is "whether the right was clearly established."

27 <u>Saucier</u>, 533 U.S. at 201.  A constitutional right is clearly established when "it would be

28 clear to a reasonable [government actor] that his conduct was unlawful in the situation he

1   confronted." Id. at 202.

2        The magistrate judge found that "the evidence possessed by [d]efendants at the time

3   of the arrest support a finding that [d]efendants had probable cause to arrest [p]laintiff,"

4   noting plaintiff fit the description of the suspect, was contacted a short distance from the

5   school, and carried a stick that fit the description of the weapon used in the attack.  Doc.

6   # 68 at 11.  Thus, the magistrate judge determined that defendants' arrest of plaintiff was

7   objectively reasonable under the circumstances.  Id.  In addition, the magistrate judge

8   found the force used by defendants was factually and objectively reasonable after balancing

9   "'the nature and quality of the intrusion of [plaintiff's] Fourth Amendment interests

10  against the countervailing governmental interests at stake.'"  Id. (quoting Graham, 490

11  U.S. at 396).  Therefore, the magistrate judge concluded that defendants' actions in total

12  were objectively reasonable, entitling defendants to qualified immunity from suit under

13  Saucier. Id. at 13.  The magistrate judge also determined that, once the federal claims are

14  dismissed based on qualified immunity, plaintiff's ancillary state law claims should also be

15  dismissed.  Id. at 14 (citing United Mineworkers v. Gibbs, 383 U.S. 715, 726 (1966)).

16       Plaintiff filed objections to the magistrate judge's report.  However, none of

17  plaintiff's arguments are directed at any specific fact or conclusion made by the magistrate

18  judge in the report. See Doc. # 70 at 6-11.  Instead, plaintiff presents a lengthy discussion

19  objecting to a state court judge's denial of plaintiff's motion for discovery of documents

20  during state court proceedings. See id.  Even liberally construing plaintiff's pleading, this

21  Court has discerned no objection contained in the document directed specifically toward

22  the magistrate judge's findings and conclusions set forth in the second report.  As such, this

23  Court may adopt the magistrate judge's report *in toto*, provided the findings made are not

24  clearly erroneous. See Thomas, 474 U.S. at 153-55.

25       After a thorough *de novo* review of the record, this Court agrees with the magistrate

26  judge's findings and conclusions in their entirety, in that the record clearly reflects that

27  defendants' acts were supported by probable cause and were objectively reasonable under

28  the circumstances, entitled defendants to qualified immunity under Saucier.  This Court

06cv2027

1  further agrees that the remaining state law claims should be dismissed under <u>Gibbs</u>. Thus,

2  this Court finds that the magistrate judge's findings and conclusions presented in the

3  second report are not clearly erroneous. Therefore, this Court overrules petitioner's general

4  objections, adopts the magistrate judge's report, grants defendants' motion for summary

5  judgment as to the federal claims and dismisses the remaining state law claims against these

6  defendants for lack of jurisdiction.

7  **CONCLUSION AND ORDER**

8      Based on the foregoing, **IT IS HEREBY ORDERED** that:

9      1.    Petitioner's objections to the magistrate judge's second Report and

10      Recommendation are **OVERRULED** in their entirety;

11      2.    The magistrate judge's findings and conclusions contained in the Report and

12      Recommendation [doc. # 68] are **ADOPTED** in full;

13      3.    Defendants' motion for summary judgment based on qualified immunity on

14      plaintiff's federal claims [doc. # 59] is **GRANTED;**

15      4.    Plaintiff's remaining state law claims are **DISMISSED;** and

16      5.    The Clerk of Court shall enter judgment in favor of defendants accordingly.

17

18  DATED:    September 22, 2009

19

20  JOHN A. HOUSTON
    United States District Judge

21

22

23

24

25

26

27

28

6